# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **CHRISTINA MICHELLE B.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-CV-482-JFJ** |
| | ) | |
| **ANDREW M. SAUL,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Plaintiff Christina Michelle B. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income under Title XVI of the Social Security Act ("Act"). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court reverses the Commissioner's decision denying benefits and remands for further proceedings. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## I.     Standard of Review

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotations omitted). The Court must "meticulously

examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1261 (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, the Commissioner's decision stands so long as it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

Plaintiff, then a 38-year-old female, protectively applied for Title XVI supplemental security income benefits on June 1, 2015, alleging a disability onset date of June 1, 2015. R. 173-176. Plaintiff claimed that she was unable to work due to asthma, back pain, "right hand," joint pain, panic disorder, "hands," right arm, anxiety, post-traumatic stress disorder (PTSD), and a head injury. R. 198. Plaintiff's claim for benefits was denied initially on September 17, 2015, and on reconsideration on January 28, 2016. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ conducted the hearing on August 30, 2017. The ALJ issued a decision on October 27, 2017, denying benefits and finding Plaintiff not disabled. The Appeals Council denied review, and Plaintiff appealed.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of June 1, 2015. The ALJ found that Plaintiff had the following severe impairments: asthma, two fingers missing on the right hand, epilepsy/pseudoseizures, hepatitis C (treated), anxiety disorder and PTSD. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments of such severity to result in listing-level impairments.

After evaluating the record evidence, the ALJ concluded as follows with respect to Plaintiff's residual functioning capacity ("RFC"):

> [C]laimant has the [RFC] to perform sedentary work as defined in 20 CFR 416.967(a) except with additional limitations. The claimant is able to lift and/or carry, and push and/or pull, ten pounds occasionally and less than ten pounds frequently. The claimant is able to stand and/or walk for two hours out of an eight-hour workday. The claimant is able to sit for six to eight hours out of an eight-hour workday. The claimant is unable to climb ladders, ropes or scaffolds. The claimant is able to occasionally climb stairs, balance, stoop, kneel, crouch and crawl. The claimant is limited to occasional strong gripping and fine fingering on the right. The claimant is limited to occasional exposure to fumes, odors, dusts, toxins, gases and poor ventilation. The claimant must avoid work requiring hazardous or fast machinery, unprotected heights, driving and pools of water. *The claimant is able to perform simple and routine tasks.* The claimant is able to perform work requiring superficial contact with co-workers and supervisors. The claimant is able to perform work requiring incidental contact with the public.

R. 19 (emphasis added). The ALJ found that Plaintiff was unable to return to her past relevant work as a janitor/cleaner. Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Accordingly, the ALJ concluded Plaintiff was not disabled.

## III.    Issues

Plaintiff raises three issues on appeal: (1) substantial evidence does not support the ALJ's conclusion that Plaintiff had no manipulative impairment, where the record demonstrates Plaintiff only has three fingers on her right hand; (2) the ALJ erred by relying on vocational expert testimony that conflicted with the *Dictionary of Occupational Titles* ("DOT") without addressing and resolving the conflict as required by law; and (3) based on evidence submitted to the Appeals Council, the step-five job of surveillance system monitor no longer exists in significant numbers. The Court reverses and remands based on the second allegation of error and does not reach Plaintiff's other points of error.

## IV.    Analysis

In her second allegation of error, Plaintiff argues that the ALJ committed legal error by failing to investigate and elicit a reasonable explanation for a conflict between the VE's testimony and the DOT.  Specifically, Plaintiff argues that the ALJ failed to question the VE regarding a conflict between the surveillance system monitor job, which the DOT assigns a reasoning level of three, *see* DOT #379.367.010, and the ALJ's finding that Plaintiff could perform simple and routine tasks.

An "ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."  *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999); Soc. Sec. Rul. 00-4p ("If the VE's … evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.").  "The conflict must be explained irrespective of how the conflict was identified, and regardless of whether the vocational expert testifies to a discrepancy."  *Cain v. Berryhill*, No. 16-CV-640-GKF-FHM, 2018 WL 1247876, at *3 (N.D. Okla. Mar. 9, 2018) (quotations omitted).  The Commissioner does not dispute that this obligation exists, but the Commissioner argues: (1) there is no conflict requiring inquiry; (2) the ALJ adequately inquired regarding conflicts during the hearing; and (3) any error was harmless in light of Plaintiff's abilities.  The Court rejects all three arguments.

First, the Court finds the existence of a conflict and that the ALJ committed legal error.  The reasoning level component is a classification under the General Educational Development ("GED") scale.  DOT App'x C, § III.  The GED scale is composed of three divisions: Reasoning Development, Mathematical Development, and Language Development.  *Id.* The "Reasoning Development" division of the GED scale is divided into six levels.  A job with a reasoning level

of three requires the worker to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." *Id.*

The Tenth Circuit has stated that an RFC limitation to "simple and routine" work tasks "seems inconsistent with the demands of level-three reasoning." *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). The Tenth Circuit in *Hackett* noted that this RFC limitation appeared more consistent with level-two reasoning, which requires the worker to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions and deal with problems involving a few concrete variables in or from standardized situations." *Id.* (quoting DOT, App'x C, § III) (quotation marks and alterations omitted). Accordingly, the Tenth Circuit in *Hackett* reversed and remanded the ALJ's decision "to allow the ALJ to address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE." *Id. See also Pritchett v. Astrue*, 220 F. App'x 790, 793 (10th Cir. 2007) ("As in *Hackett,* a level-three reasoning requirement seems inconsistent with the ALJ's conclusion that plaintiff can only do jobs which present simple, repetitive and routine tasks").[1]

Here, the VE testified that a hypothetical individual with Plaintiff's RFC could perform the job of surveillance system monitor, and she noted that the position was unskilled. However, the VE did not refer to the GED for that position. Nor did the ALJ elicit specific testimony from the

---

[1] To the extent the Commissioner relies on unpublished cases post-dating *Hackett* to call *Hackett*'s reasoning into question, such as *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013), and *Mounts v. Astrue*, 479 F. App'x 860, 868 (10th Cir. 2012), the Court is compelled to follow *Hackett*. *See Paddelty v. Colvin*, Case No. CIV-14-891-D, 2016 WL 3647697, at *3 (W.D. Okla. Jul. 1, 2016) ("Although the [c]ourt finds it difficult to reconcile here the separate approaches represented by *Hackett* and *Anderson*, it is bound to follow the clear dictates of the circuit's published decision in *Hackett*."); *Cain*, 2018 WL 1247876, at *4 (same).

VE regarding how level-three reasoning was consistent with Plaintiff's RFC, which indicates an ability to perform only simple and routine tasks. *See* R. 58-59. Based on this evidence, the Court concludes that the ALJ failed to provide a reasonable explanation in support of his finding that "the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." R. 24. Accordingly, an unresolved conflict exists between Plaintiff's ability to perform "simple tasks" and the demands of GED level-three reasoning required by the surveillance system monitor job. Courts in this district are in accord. *See Ruggles v. Berryhill*, No. 17-CV-270-JED-GBC, 2018 WL 4945234, at *2 (N.D. Okla. Aug. 9, 2018) (concluding that *Hackett* compelled a finding of an unresolved inconsistency between claimant's limitation to "simple, repetitive and routine work" and VE's testimony that claimant could perform jobs that required level-three reasoning); *Cain v. Berryhill*, No. 16-CV-640-GKF-FHM, 2018 WL 1247876, at *2-4 (N.D. Okla. Mar. 9, 2018) (same); *Dennington v. Berryhill*, No. 16-CV-489-GKF-GBC, ECF No. 25 at *6-7 (N.D. Okla. Nov. 22, 2017) (same). *But see Rom v. Colvin*, No. 15-CV-402-FHM, 2016 WL 3528059, at *3 (N.D. Okla. June 23, 2016) (implicitly rejecting reasoning of *Hackett* and stating that "reasoning level is not the only measure in the DOT of the complexity of a job" and "[t]he [VE], not the court, has the expertise to interpret information in the DOT").

Second, the Court finds the generic instruction by the ALJ regarding conflicts to be insufficient. During the hearing, the ALJ stated, "If the information you provide me is different from that contained in the Dictionary of Occupational Titles or its companion title Selected Characteristics of Occupations, could you please inform me of how it is different and why?" R. 56. This is simply a boilerplate conflict instruction and does nothing to "investigate" the conflict or provide a reasonable explanation for the conflict. The ALJ made no further inquiry, and the VE failed to identify any conflicts. *See Cain,* 2018 WL 1247876 at *3 n.4 (rejecting argument that

identical instruction to VE constituted adequate "conflict" inquiry related to GED reasoning level and DOT conflict).

Finally, the error was not harmless. In this case, there were no jobs identified by the VE other than the surveillance system monitor job. Further, although the Commissioner argues that "there is no reason to doubt Plaintiff could do the unskilled work identified by the [VE] and found by the ALJ," ECF No. 16 at 11, this ignores the ALJ's finding that Plaintiff was limited to simple, routine tasks. The ALJ found Plaintiff's mental impairments caused moderate limitations in the ability to understand, remember, and apply information and limited Plaintiff to simple work, which conflicts with a finding that Plaintiff can complete work requiring Plaintiff to deal with problems involving several concrete variables in or from standardized situations.

## V. Conclusion

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order. On remand, the ALJ should resolve any conflict between the VE's testimony and the DOT.

**SO ORDERED** this 30th day of October, 2019.

**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**